D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed
FLSA Collective Plaintiffs, and proposed
Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x

| | |
|---|---|
| **YUNIASIH THE, on behalf of herself and others similarly situated,** | **CASE NO. 1:25-CV-6754** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **HOGSALT,** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

-------------------------------------------------x

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.     Defendant Hogsalt ("Defendant" or "Hogsalt") is an Illinois based company that owns and operates Monkey Bar (the "Restaurant" or "Monkey Bar") located at 60 E 54th Street, New York, New York 10022.

4.     Defendant Hogsalt has an annual gross volume of sales in excess of $500,000.

5.     Plaintiff Yuniasih The ("Plaintiff") was employed by Defendant as a server at Monkey Bar from January 2023 through July 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendant on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

7.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required overtime pay rate and for including managers in the tip pool. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8.     The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA

Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

9.      Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service employees employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

10.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under said F.R.C.P. 23.

11.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) members of the Class.

12.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices

of Defendant, as alleged herein, of failing to pay minimum wage and overtime compensation for all hours worked, unlawfully diverting tips to non-service workers, and failing to provide adequate wage notices. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

13.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

14.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

15.     Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

16.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)      Whether Defendant employed Plaintiff and the Class members within the meaning of the New York law.

b)      At what common rate, or rates subject to common methods of calculation, were and is Defendant required to pay Plaintiff and the Class members for their work.

c)      Whether Defendant paid Plaintiff and the Class members the required minimum wage for all hours worked.

d)      Whether Defendant properly compensated Plaintiff and Class members for

overtime hours.

e)      Whether Defendant provided Plaintiffs and the Class members with adequate wage notices.

f)      Whether Defendant diverted tips that should have been distributed to Plaintiff and the Class Members to non-service workers.

g)      Whether Defendant scheduled Plaintiff and the Class members to double shifts in which they were required to work more than 20% of their shift or 2 hours doing non-tipped side work.

## **FACTS**

17.      Plaintiff's Consent to Sue form is attached hereto in Exhibit A.

18.      Defendant committed the following alleged acts knowingly, intentionally and willfully.

19.      Defendant knew that nonpayment of minimum wage and overtime compensation, unlawful deductions from pay, and misappropriation of tips, would economically injure Plaintiff, FLSA Collective Plaintiffs, and the Class, and violated federal and state laws.

20.      At all relevant times, Defendant have paid all tipped employees, including Plaintiff, the New York's foodservice worker's minimum wage, which is less than the full New York minimum wage.

21.      Defendant was not entitled to pay tipped employees the lower foodservice workers' minimum wage because Defendant failed to provide them with written notice that Defendant was taking a tip credit from the minimum wage.

22.      Defendant was required to provide written notice of the tip credit at the beginning of Plaintiff's and the other tipped employees' employment, but Defendant failed to do this.

23.     Defendant was also required to provide written notice of the tip credit whenever the tip credit changed, which occurred January 1, 2025, but Defendant failed to do this.

24.     In fact, Defendants never provided Plaintiff or the Class members with any wage notices, as required by NYLL § 195(1). As a result, Defendant's payment of the tip credit minimum wage was an underpayment.

25.     In addition, during certain shifts Plaintiff and other tipped employees were required to spend more than 20% of their time or 2 hours performing non-service work (i.e., side work). Often Plaintiff was required to work more than 2 hours, or 20% of her shifts, doing side work while the Restaurant was closed to the public.

26.     For example, in 2023, whenever Plaintiff worked a double shift, she would work more than 2 hours of her shift when the Restaurant was closed to the public. For a double shift, Plaintiff would arrive to work at 10am and would do sidework, including, among other things, rolling up silverware, setting up tables, and organizing the hot towel service, from 10am-10:45am. Plaintiff would normally eat a shift meal from 10:45am-11am. Plaintiff would then attend a pre-shift meeting from 11am-11:30am. The Restaurant opened to the public at 11:30am, and Plaintiff would serve guests until 3:00pm when the Restaurant would close in between lunch and dinner. From 3:00-5pm, Plaintiff would do silverware roll ups and other sidework. Plaintiff would then serve guests from 5pm-11pm/12am. As such, on double-shifts, Plaintiff would routinely spend more than 2 hours or 20% of her working time doing non-tipped sidework.

27.     Because Defendant required tipped employees to do more than 20% or 2 hours of side work during certain shifts, Defendant's payment of the tip credit minimum wage during those shifts was unlawful.

28.     In 2023, Plaintiff often worked more than 40 hours per week. For example, in early 2023, Plaintiff routinely worked two double shifts (14 hours per shift) and two or three dinner shifts (6 hours per shift) per week, totally approximately 46 work hours per week.

29.     However, the overtime compensation that Defendant paid was at an incorrect rate. Namely, because Defendant inappropriately calculated Plaintiff's regular rate as the foodservice workers' minimum wage, it inappropriately applied a tip credit to Plaintiff's overtime rate.

30.     Defendant paid Plaintiff and the other tipped employees, in part, by tips. Defendant required Plaintiff to pool their tips with all of the other tipped employees at the Restaurant, including all of the bartenders, servers, server assistants, runners, and barbacks.

31.     However, the barbacks did not engage in direct customer service and were therefor unlawfully included in the tip pool. Specifically, barbacks would spend the entire time on their shift behind the bar stocking the bar, running to the basement to re-supply the bar, and cleaning glassware. The barbacks did not make drinks, pick up dirty glasses, or interact with customers at all.

32.     In addition, there were several managers who were in the tip pool. Specifically, there were at least two managers who also worked as a server on certain shifts. On the shifts where the managers worked as a server, they would receive tips from the tip pool. However, these managers retained authority over other servers when they worked on a server shift and would direct servers like a manager, and referred other employees to the active manager for discipline. Because these manager employees retained significant managerial authority, their inclusion in the tip pool with other service employees was unlawful.

33.     Defendant failed to provide wage notices to Plaintiff that complied with NYLL §
195(3). Among other things, because Defendant did not provide written notice of the tip credit, the
wage notices were deficient.

34.     Because Defendant failed to provide this written information to Plaintiff, Plaintiff
was legally underpaid and is now owed damages. That is, had Defendant complied with NYLL
195(1) and given adequate notice of the tip credit, Plaintiff would not have been underpaid and
would not have suffered a legal and economic harm. Defendant's violation of NYLL 195(1) caused
Plaintiff to be underpaid.

35.     Defendant knowingly committed the foregoing acts against the Plaintiff, FLSA
Collective members, and members of the Class.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs**)

36.     Plaintiff, on behalf of themselves and other FLSA Collective Plaintiffs, realleges
and incorporates by reference all previous paragraphs.

37.     At all relevant times, Defendant has been, and continue to be, an "employer"
engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the
meaning of FLSA, 29 U.S.C. § 203.

38.     Throughout the statute of limitations period covered by these claims, Plaintiff and
the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

39.     At all relevant times, Defendant operated under a decision, policy and plan, and
under common policies, programs, practices, procedures, protocols, routines and rules of willfully
failing and refusing to pay the Class members the appropriate overtime rate for work in excess of

forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

40.    Plaintiff, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

41.    Plaintiff, on behalf of herself and the other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

42.    At all relevant times, Defendant has been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

43.    Defendant knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

44.    Plaintiff, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective misappropriated and undpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Herself and the Class)**

45.    Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46.     Defendant did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

47.     As a result of Defendant's unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Herself and the Class)**

48.     Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all previous paragraphs.

49.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

50.     Throughout the Class Period, Defendant willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

51.     As a result of Defendant's willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought By Plaintiffs on Behalf of Herself and the Class)**

52.     Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all previous paragraphs.

53.     Throughout the statute of limitations period covered by these claims, Defendant knowingly and willfully retained/misappropriated gratuities belonging to Plaintiff and the Class members.

54.     Plaintiff, on behalf of herself and the Class members, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(New York Wage Notice Requirements, N.Y. Lab. L. §§ 195, 198
Brought by Plaintiff on Behalf of Herself and the Class)**

55.     Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all previous paragraphs.

56.     Defendant did not provide Plaintiff and the members of the Class with wage notices that contained the required information under N.Y. Lab. Law § 195.

57.     As a result of Defendant's unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state

claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

D.    Designation of Plaintiff as Representative of the Class.

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I.    Pre-judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        August 15, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP


By: /s/ *D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed*
*FLSA Collective Plaintiffs, and proposed*
*Class*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.